RANDOLPH PROPERTIES, INC., Respondent, *v.* FREDERICK R. CRANE and Others, as Trustees under a Declaration of Trust, Dated March 31, 1936, and a Plan of Reorganization of Series Q-1 Mortgage Investments Approved by an Order of the Supreme Court of the State of New York on March 26, 1936, Appellants.

First Department, December 19, 1941.

*Gustave B. Garfield* of counsel [*Daniel M. Krauskopf*, attorney], for the appellants.

*Joseph Sussman*, for the respondent.

UNTERMYER, J. The action is to recover $1,000, the amount paid on a contract of sale by which the plaintiff agreed to purchase a vacant plot of land in the city of White Plains from the defendants, trustees in liquidation of an issue of certificates of the New York Title and Mortgage Company. The contract was executed on April 26, 1940, and provided for the closing of title on June third. Closing was, however, adjourned by stipulation to June 14, 1940. On that date the plaintiff rejected the title and demanded repayment of the sum paid on the contract solely upon the ground that there was a tenant in possession and that the premises were to be conveyed free of any tenancies.

On the date of the contract the property was under a month-to-month lease to A. & C. Motors, Inc., which occupied it for the sale of used automobiles. On the same day the defendants served written notice on the tenant, demanding that the tenant vacate the premises on May 31, 1940. Then followed negotiations between the tenant and the plaintiff, the purport of which is in dispute but which, according to evidence offered by the defendants, resulted in an arrangement by which the plaintiff consented that the tenant remain in possession notwithstanding the sale of the premises and the defendants' notice to vacate. The justice before whom the case was tried declined, however, to decide the issue of fact thus presented, holding that the defendants should have availed themselves of their right under the contract of sale to postpone the date of closing so that in the meantime the tenant might be required to surrender possession of the premises. By a divided court the Appellate Term affirmed the judgment for the plaintiff.

We think the issue of fact which the trial justice declined to determine is decisive of the case and that, since the evidence is conflicting on that issue, the judgment must be reversed and a new trial granted. It is manifest that the plaintiff could not assert the presence of the tenant as a default if the plaintiff itself

was responsible for the tenant's presence on the premises. Such conduct on its part would constitute a waiver of the objection and would also operate as an estoppel to assert it. Nor do we concur in the view that there was any obligation on the seller to exercise the right to postpone the date of closing accorded to the defendants by the contract if the facts justify a finding that the buyer had induced the tenant to remain. That contractual right was accorded to the defendants to be exercised at their option and for their benefit, not in order that the plaintiff might remove an objection which it had been instrumental in creating.

The determination of the Appellate Term and the judgment of the City Court should be reversed and a new trial granted, with costs to the appellants in this court and in the Appellate Term to abide the event.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Determination of the Appellate Term and the judgment of the City Court unanimously reversed and a new trial ordered, with costs to the appellants in this court and in the Appellate Term to abide the event.